# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

RICHARD SCOTT TUCKER                                                                PLAINTIFF
ADC #122704

V.                              NO: 2:09CV00151 DPM/HDY

CORRECTIONAL MEDICAL
SERVICES INC. *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Ouachita River Unit of the Arkansas Department of Correction, filed this complaint on September 30, 2009, alleging that he has been denied adequate medical care. Defendants are Correctional Medical Services Inc., Charlotte Green, Richard Plant, Debra West, Teresa Kundert, Roland Anderson, Theodore Duensing, and Dianna Locklear. On January 25, 2011, the Court held a pre-jury evidentiary hearing, at which Plaintiff testified. Following the hearing, Defendants filed a motion for judgment as a matter of law, along with a brief in support, asserting that Plaintiff failed to properly exhaust his administrative remedies with respect to any Defendant before he filed this lawsuit (docket entries #370-#371). Plaintiff filed a response and brief in support on April 5, 2011 (docket entries #382-#383).

Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the January 25, 2011, hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility

determinations. *Id*. at 135-6. Defendants contend Plaintiff's complaint should be dismissed due to his hearing testimony which they contend establishes his failure to fully exhaust his administrative remedies before he filed this lawsuit.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their motion, Defendants cite Plaintiff's testimony at the hearing, where he testified that the five grievances introduced as Defendants' exhibit #1 were the only medical grievances he exhausted during the time period relevant to his complaint from 2006 through the end of 2009. Four of the grievances were exhausted before Plaintiff filed this lawsuit on September 30, 2009. A review of the four grievances Plaintiff exhausted before he filed this lawsuit reveals that Plaintiff did not identify Anderson, Plant, or Kundert in any grievance. Plaintiff did name CMS, West, and Green, but there is no allegation of wrongdoing by them in any grievance. In grievances EA-08-35, EA-08-101 and EA-08-731, Plaintiff contends that unnamed others violated CMS policy, but not anyone named as a Defendant in this case. Grievances EA-08-35 and EA-08-101 also concern Plaintiff's claims that West diagnosed him and issued orders that were not followed. Plaintiff further charged in grievance EA-08-101 that Green's orders were not followed. Finally, no Defendant was named in grievance EA-06-664.

In his appeal of grievance EA-08-00035, Plaintiff did assert that Green, who responded to the initial grievance, discontinued his crutches as a result of his filing the grievance, and he further alleged that Green's response was improper. However, those are different allegations than those he raised in the actual grievance. According to ADC grievance policy, a grievance must contain a statement which is specific as to the substance of the issue or complaint, and include the personnel involved.[1] The grievance forms submitted at the hearing also indicate that the grievance must be specific as to the personnel involved. The policy governing appeals, which is reflected on the appeal form itself, dictates that new issues may not be raised in a grievance appeal (docket entry #54, exhibit A, page #2). The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Benefits of exhaustion include allowing a prison to address complaints about its programs before being subjected to suit, and improving litigation that does occur by leading to the creation of a useful record. *Id.* At 219. It is clear from a review of the properly exhausted grievances that Plaintiff failed to properly exhaust his administrative remedies as to any Defendants prior to initiating this lawsuit. Although a determination that Plaintiff has not exhausted his grievances against Green, or any other Defendant, may seem overly technical, the same conclusion has been reached in similar cases in this district. See *Marshall v. Burden et al.*, ED/AR No. 5:09CV128, *Jones v. Hobbs et al.*, ED/AR No. 5:08CV233. A determination otherwise would undermine the utility of an administrative process and its ability to accurately address alleged wrongdoings and confront the particular individuals allegedly responsible for the wrongdoing.

---

[1] The ADC's grievance policy was provided as part of the documentation supporting former Defendant Wendy Kelley's motion for summary judgment (docket entry #54, exhibit A, pages #4-#6).

Although Plaintiff did name Locklear and Duensing as being responsible for missed medication in grievance DU-09-205, that grievance was not exhausted until after the complaint was filed. In fact, it concerns allegations relating to an issue which arose on October 28, 2009, one month after the complaint was filed. In response to Defendants' motion, Plaintiff vaguely asserts, without specifics, that some grievances were lost, and that he was told by Wendy Kelley, deputy director for health and correctional programs, that he need not repeatedly address the same issues. Plaintiff also claims that he mailed letters to various elected officials. However, it is clear that Plaintiff was allowed to exhaust administrative remedies, but that he simply did not do so, before he filed this lawsuit, with respect to any Defendant. Although Plaintiff was told by Kelley in a July 23, 2007, letter that he need not repeatedly address the same issue, he failed to ever exhaust a grievance regarding the actions of any Defendant before he filed this complaint.[2] Finally, mailing letters to elected officials is insufficient to establish proper exhaustion under ADC policy. Accordingly, because Plaintiff failed to properly exhaust any administrative remedy with respect to his claims against any Defendant before he filed this lawsuit, his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for judgment as a matter of law (docket entry #370) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendant John Lytle, and WITHOUT PREJUDICE in all other respects.

---

[2]Although Plaintiff seems to suggest that he was deterred from filing grievances because of the letter, four of the five grievances Plaintiff exhausted regarding his health issues were filed after the letter was written. Plaintiff provided a copy of the letter with his response to Defendant's motion (docket entry #382, page #6).

DATED this __25__ day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE